UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA A. WERTZ, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-cv-00519 |
| v. | (SAPORITO, M.J.) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

**MEMORANDUM**

In this matter, the plaintiff, Patricia A. Wertz, seeks judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits, pursuant to 42 U.S.C. § 405(g). The matter has been referred to the undersigned United States magistrate judge on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

I. **BACKGROUND**

On July 15, 2019, Wertz protectively filed a claim for disability insurance benefits, asserting a disability onset date of December 8, 2018. The claim was initially denied by state agency reviewers on December 17, 2019, and upon reconsideration on May 28, 2020. The plaintiff then

requested an administrative hearing.

A hearing was subsequently held on October 20, 2020, before an administrative law judge, Michelle Wolfe (the "ALJ"). In addition to the plaintiff herself, the ALJ received testimony from an impartial vocational expert, Nadine Henzes. The plaintiff was represented by counsel at the hearing.

On November 24, 2020, the ALJ denied Wertz's application for benefits in a written decision. The ALJ followed the familiar five-step sequential evaluation process in determining that Wertz was not disabled under the Social Security Act. *See generally Myers v. Berryhill*, 373 F. Supp. 3d 528, 534 (M.D. Pa. 2019) (describing the five-step sequential evaluation process). At step one, the ALJ found that Wertz had engaged in substantial gainful activity for brief period in the first quarter of 2019, but there had been a continuous 12-month period after her alleged onset date during which Wertz did no engage in substantial gainful activity. At step two, the ALJ found that Wertz had the severe impairments of: osteoarthritis; morbid obesity; cervical degenerative disc disease; and diabetes mellitus with neuropathy. At step three, the ALJ found that Wertz did not have an impairment or combination of

impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Between steps three and four of the sequential evaluation process, the ALJ assessed Wertz's residual functional capacity ("RFC"). *See generally id.* at 534 n.4 (defining RFC). After evaluating the relevant evidence of record, the ALJ found that Wertz had the RFC to perform "light work" as defined in 20 C.F.R. § 404.1567(b),[1] with the following limitations:

> [S]he is limited to occasional balancing, stooping, crouching, crawling, kneeling, and climbing, but never climbing on ladders, ropes or scaffolds. She is limited to frequent exposure to vibrations, hazards, moving machinery, and unprotected heights.

(Tr. 192.)

In making these factual findings regarding Wertz's RFC, the ALJ considered her symptoms and the extent to which they could reasonably be accepted as consistent with the objective medical evidence and other evidence of record. *See generally* 20 C.F.R. § 404.1529; Soc. Sec. Ruling 16-3p, 2017 WL 5180304 (revised Oct. 25, 2017). The ALJ also considered

---

[1] The Social Security regulations define "light work" as a job that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

and articulated how persuasive she found the medical opinions and prior administrative medical findings of record. *See generally* 20 C.F.R. § 404.1520c.

At step four, based on this RFC and on testimony by the vocational expert, the ALJ concluded that Wertz was capable of performing her past relevant work as a pharmacy technician and bank teller. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity. Based on this finding, the ALJ concluded that Wertz was not disabled for Social Security purposes.

The plaintiff sought further administrative review of her claim by the Appeals Council, but her request was denied on February 9, 2022, making the ALJ's November 2020 decision the final decision of the Commissioner subject to judicial review by this court.

Wertz timely filed her complaint in this court on April 8, 2022. The Commissioner has filed an answer to the complaint, together with a certified copy of the administrative record. Both parties have filed their briefs, and this matter is now ripe for decision.

## II. DISCUSSION

Under the Social Security Act, the question before this Court is not

whether Wertz is disabled, but whether the Commissioner's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See generally* 42 U.S.C. § 405(g)(sentence five); *Myers*, 373 F. Supp. 3d at 533 (describing standard of judicial review for social security disability insurance benefits and supplemental security income administrative decisions).

Wertz asserts on appeal that the ALJ's decision is not supported by substantial evidence because: (1) the ALJ failed to properly consider subjective evidence regarding Wertz's symptoms, including statements or testimony by Wertz herself; and (2) the ALJ failed to include all of Wertz's claimed limitations or impairments in the hypothetical posed to a vocational expert at the administrative hearing.[2]

### A. Subjective Evidence of the Plaintiff's Symptoms

The plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ erred in her evaluation of the

---

[2] The plaintiff's brief articulated a single extremely general claim of error: the ALJ erred in failing to properly evaluate the medical evidence of record as well as the plaintiff's testimony at the hearing, resulting in an erroneous RFC determination and step-4 not-disabled finding. Although not clearly articulated by plaintiff's counsel, a close reading of the plaintiff's brief reveals that these very generalized grievances rest on the specific errors we have articulated above.

plaintiff's symptoms, including statements or testimony by Wertz herself. *See generally* 20 C.F.R. § 404.1502(i) ("Symptoms means your own description of your physical or mental impairment.").

Standing alone, a claimant's allegation of pain or other symptoms is not enough to establish an impairment or disability. 20 C.F.R. § 404.1529(a); *Prokopick v. Comm'r of Soc. Sec.*, 272 Fed. App'x 196, 199 (3d Cir. 2008) ("Under the regulations, an ALJ may not base a finding of disability solely on a claimant's statements about disabling pain . . . ."). "An ALJ is permitted to reject a claimant's subjective testimony as long as he or she provides sufficient reasons for doing so." *Prokopick*, 272 Fed. App'x at 199 (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999)).

When evaluating a claimant's subjective allegations of pain or other symptoms, an ALJ utilizes a two-step process. Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *2 (revised Oct. 25, 2017). First, the ALJ must determine whether there is a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. *Id.* at *3; *see also* 20 C.F.R. § 404.1529(b). A claimant cannot be found to be "disabled based on alleged symptoms alone." Soc. Sec. Ruling 16-3p, 2017

WL 5180304, at *4.

Once the ALJ has found that a medically determinable impairment has been established, the ALJ must then evaluate the claimant's allegations about the intensity, persistence, or functionally limiting effects of his or her symptoms against the evidence of record. *Id.* This evaluation requires the ALJ to consider "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.*

Here, in evaluating the plaintiff's symptoms, the ALJ expressly considered and extensively discussed both the medical and non-medical evidence in the record. (Tr. 193–98.) This included the plaintiff's statements regarding the limiting effects of her symptoms. Based on her consideration of the whole record, the ALJ properly concluded that, while Wertz's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the

record." (Tr. 193.)

Although Wertz quibbles with the outcome of the ALJ's analysis of the evidence of record, it is clear that the ALJ properly evaluated the claimant's symptoms in accordance with the applicable regulations, and that the ALJ reasonably concluded that, notwithstanding the plaintiff's subjective complaints of pain and other symptoms, the evidence as a whole did not support physical or mental limitations in excess of those set forth in the ALJ's RFC determination. While this same evidence might have also reasonably supported the adoption of substantially greater limitations, it did not compel such a finding.

Accordingly, we find the ALJ's evaluation of the subjective evidence of the plaintiff's symptoms is supported by substantial evidence and was reached based upon a correct application of the relevant law.

### B. Vocational Expert Hypothetical Question

The plaintiff contends that the ALJ's step-four determination is not supported by substantial evidence because the ALJ failed to include all of Wertz's claimed limitations or impairments in the hypothetical posed to a vocational expert at the administrative hearing.

It is well settled, however, that a hypothetical question posed to a

vocational expert need only account for credibly established limitations or impairments. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). Here, the ALJ explicitly considered and addressed the plaintiff's severe and medically determinable non-severe impairments, her subjective complaints of pain and other symptoms, and the various medical opinions in the record. The hypothetical posed to the vocational expert included all limitations or impairments the ALJ had found credible. In light of all the evidence, and the ALJ's reasoned consideration of it, we find no error in the ALJ's conclusions with respect to the plaintiff's functional limitations or impairments.

### III. CONCLUSION

Based on the foregoing, we conclude that the Commissioner's finding that Wertz was not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. Accordingly, the Commissioner's decision denying disability benefits is **AFFIRMED**.

An appropriate Order follows.

Dated: September __18__, 2023

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge